**STATE of Maine**

**v.**

**Norman and Annie FITZGERALD.**

Supreme Judicial Court of Maine.

Argued Nov. 10, 1988.
Decided Dec. 21, 1988.

James E. Tierney, Atty. Gen., Diane Sleek (orally), Asst. Atty. Gen., Augusta, for plaintiff.

Joel F. Bowie (orally), Howard & Bowie, Damariscotta, for defendants.

Before ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

WATHEN, Justice.

The State of Maine appeals from a judgment entered in the Superior Court (Knox

County, *Chandler, J.*) establishing the boundary line between land owned by the State and land owned by defendants Norman and Annie Fitzgerald. The State contends on appeal that the court erred in finding that the original boundary was relocated by a subsequent deed conveying adjoining property to the State. We find that the Superior Court erred as a matter of law and we vacate the judgment.

The parties own abutting parcels of land in Warren. Each parcel fronts on the west bank of the St. George River and the State's property lies southerly of the Fitzgeralds' property and extends westerly from the river to a depth of approximately 12,000 feet. The original boundary line is set forth in a 1837 deed that describes the E. Sanford Bucklin Farm, now owned by the State, as follows:

a certain lot of land situated in said Warren and bounded as follows, Beginning on the westerly shore of St. George River at the northeast corner of land of Samuel Sumner and running northerly by said River to the southeast of land of Joseph Bucklin, thence westerly by Joseph Bucklin's land about four hundred rods to the stake and stones; thence south sixteen rods to stake and stones; thence west to the Mill Brook; thence southwesterly by the Brook to Sumner's north line; thence easterly by said line to the first-mentioned bounds, containing about two hundred acres....

The northern boundary described in the above deed extends 400 rods back from the river, jogs south 16 rods, and then continues in a westerly direction. The 16 rod by 400 rod area created by the jog in the boundary line is the area in dispute.

Defendants do not directly challenge the location of the boundary described in the 1837 deed but rather argue that a later deed controls. In 1921, Charles J. Copeland, defendants' predecessor in interest, conveyed 12 acres known as Doty Field to the State. The field was located on the western boundary of the Bucklin Farm owned by the State and the deed described the field in the following terms:

a certain lot or parcel of land located in said Warren, bounded and described as follows, to wit: Beginning at a point on the west bank of the George's River; thence S. 84 [degrees] W. along boundary of Charles J. Copeland and E. Sanford Bucklin farms, so called 12,432 ft., more or less, to North Westerly corner of Bucklin farm and North easterly corner of Doty field, so called; thence S. 7½ [degrees] W. along boundary of Bucklin farm on east, 863 ft., more or less, to intersection of farm known as Barrett farm, thence S. 84 [degrees] W. 1,110 ft. more or less, along boundary of Barrett farm on south to Doty Brook; thence, North easterly, as said brook runs, to intersection of Copeland line; thence N. 84 degs. E. along boundary of Copeland land on north 506 ft. more or less, to place of beginning. Meaning to convey the Doty Field, so called containing twelve (12) acres more or less.

In this conveyance, the boundary between the land now owned by the parties is referred to as a straight line and does not acknowledge the 16 by 400 rod area described in the 1837 source deed. The Superior Court rejected the State's argument that the straight line described in the 1921 deed served merely as a "tie line" to locate the point of beginning for the conveyance of Doty Field. The Superior Court held that in addition to conveying Doty Field, the 1921 deed "restate[d] the boundary line" between the parties' land and eliminated the disputed area from the State's chain of title. The lines described in the two deeds are schematically represented in the following drawing:

Although the 1921 deed refers to the straight line running from the river to the northeasterly corner of Doty Field as a boundary, the deed conveys only the twelve acre field. In effect, the Superior Court ruled that by accepting the deed to Doty Field, the State reconveyed to defendants' predecessor the 16 by 400 rod area. The construction of a deed is a matter of law. *Kinney v. Central Maine Power Co.,* 403 A.2d 346, 350 (Me.1979). We hold that the 1921 deed constitutes neither a conveyance of the disputed area by the State nor a recognition of a prior unrecorded conveyance. On its face the deed purports to convey Doty Field and the straight line described in the deed serves only as a reference or "tie line" to locate Doty Field. Because defendants do not otherwise challenge the boundary described in the 1837 deed, we remand for the entry of judgment fixing the boundary in accordance with the description contained in that deed.[1]

The entry is:

JUDGMENT VACATED.

Remanded for entry of judgment in accordance with the opinion herein.

All concurring.

1. In its complaint, the State excluded any claim to the so-called Fitzgerald houselot shown on the survey plan marked as defendants exhibit

#1. Accordingly, the judgment entered in favor of the State on remand should similarly exclude the houselot.